Argued and submitted April 15, reversed and remanded with instructions
May 25, 1994

## OREGON OCCUPATIONAL SAFETY & HEALTH DIVISION,
*Petitioner,*

*v.*

## MARV'S UTILITY SPECIALISTS,
*Respondent.*

(SH-92060; CA A81198)

875 P2d 531

J. Dean Taylor, Assistant Attorney General, argued the cause for petitioner. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

David W. Hittle argued the cause for respondent. With him on the brief was Burt, Swanson, Lathen, Alexander, McCann & Smith.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Petitioner Occupational Safety and Health Division (OSHD) seeks review of an order of the Workers' Compensation Board[1] holding that employer did not violate administrative rules adopted by the Director of the Department of Insurance and Finance (DIF) pursuant to the Oregon Safe Employment Act. We reverse.

On September 17, 1991, an OSHD enforcement officer inspected an excavation site where a pipe was being installed in a trench. The officer testified that the trench measured approximately 14 feet long, 5 feet wide and 12 feet deep, and that there was an eight-foot-long shoring system.[2] He did not enter the trench to make those measurements; he used a measuring tape while standing at the top of the excavation.

The officer cited employer for various violations of worker safety rules, but only two of the citations are at issue here. Citation 1-3 alleged that employer violated 29 CFR § 1926.652(e)(2)(i),[3] because there was more than two feet of unprotected soil extending below the bottom of the shoring system in the excavation trench. Citation 2-8 concerned the protective shoring system. On the basis of his conclusion that the soil in the area was Type C, the officer alleged that employer violated 29 CFR § 1926.652(a)(1), because it used an improper shoring system design and an insufficient number of vertical shores in the system.

Employer requested a hearing on the citations. Following the hearing, the referee dismissed both citations. The referee found that there was three feet of exposed soil

[1] The referee's order is considered a final order of the Workers' Compensation Board. ORS 654.290(2)(b).

[2] A shoring system is a structure that supports the sides of an excavation and is designed to prevent cave-ins.

[3] Chapter 437, Subdivision P, of the Oregon Administrative Rules contains the rules adopted by DIF, under the Oregon Safe Employment Act. The rules adopt by reference federal rules promulgated by the Secretary of Labor under the Construction Safety Act, 40 USC § 333, and the Occupational Safety and Health Act of 1970, 29 USC §§ 653, 655, and 657. We cite the Code of Federal Regulations, because the Oregon Administrative Rules adopt the federal numbering system.

below the bottom of the support system.[4] However, the referee held that

> "there being no evidence of possible loss of soil from beneath or below the bottom of the support system, I can only conclude that the excavation in excess of 2 feet is not in violation of the rule."

In addition, the referee held that citation 2-8 was not a violation, because the use of two cylinders in the shoring system "was adequate given an 8[-]foot vertical spacing." He found that

> "the support system used was appropriate unless the soil is a Type C. However, I conclude that the excavation was in a Type B soil based upon the testimony of [employer], the opinion of the physical engineer and because the [enforcement officer] based his rating upon the weakest layer which, according to the [enforcement officer], was the bottom 6 feet of the trench, but the [enforcement officer] did not enter the trench to perform a close visual or manual test."

In its first assignment, OSHD argues that the referee erred in holding that the three-foot clearance between the bottom of the trench and the shoring support system was not a violation. It asserts that the referee either exceeded his authority by effectively deciding that the violation was harmless or erred by interpreting the rule as allowing an excavation greater than two feet if there is no evidence of soil loss.

■ We agree with petitioner that the referee incorrectly interpreted 29 CFR § 1926.652(e)(2)(i) and erred in concluding that employer had not violated the rule. The rule provides:

> "Excavation of material to a level no greater than 2 feet (.61m) below the bottom of the members of a support system shall be permitted, but only if the system is designed to resist the forces calculated for the full depth of the trench, and there are no indications while the trench is open of a possible loss of soil from behind or below the bottom of the support system."

---

[4] The referee stated:

"I conclude that upon visual inspection of the photographs, the area of exposed soil below the bottom of the support system is 3 feet and not 4 feet."

Although that statement is contained in the "Opinion and Conclusion" section of the referee's order, it can only be considered a finding of fact, and we treat it as such.

The referee's conclusion indicates that there was no violation, because there was no evidence of possible soil loss.

■    The referee apparently concluded that the rule permits excavations greater than two feet below a shoring system if there is no evidence of possible soil loss. However, the plain language of the rule permits the "[e]xcavation of material to a level *no greater than 2 feet* (.61m) below the bottom of the members of a support system" (emphasis supplied) only if two additional requirements are satisfied: the system is designed to resist the forces calculated for the full depth of the trench, and there are no indications of a possible loss of soil from behind or below the bottom of the support system. *See* 29 CFR § 1926.652(e)(2)(i). In other words, the rule allows a clearance of two feet or less between the bottom of a trench and the bottom of a shoring system if the system is designed to resist the forces of the full depth of the trench and there is no evidence of possible soil loss.

The three feet of exposed soil between the bottom of the trench and the bottom of the shoring system violated the rule. The referee erred in dismissing citation 1-3.

In its second assignment, OSHD argues that the referee erred in concluding that the shoring system provided adequate protection from cave-ins. It first asserts that the referee misinterpreted the rules to require a nexus between the two violations. It further asserts that the referee erred by disregarding evidence that employer installed an insufficient number of shores. Finally, it asserts that the referee disregarded or misinterpreted a footnote to a rule that requires a minimum of three vertical shores.

The rule regarding the protection of employees in excavations provides:

"Each employee in an excavation shall be protected from cave- ins by an adequate protective system designed in accordance with paragraphs (b) or (c) * * *." 29 CFR § 1926.652(a)(1).

Paragraph (b) concerns the design of sloping and benching systems and does not apply to this case. Paragraph (c) describes the requirements for designs of support shield systems selected and constructed by the employer. It provides four alternative methods for determining the proper design.

*See* 29 CFR § 1926.652(c)(1)-(4). The referee relied on Option (1) and Table 1.2 contained in Appendix D to the rule and concluded that employer's support system was adequate.

Table 1.2 contains the vertical shore requirements for aluminum hydraulic shoring for Type B soils. *See* 29 CFR § 1926.652, Table D-1.2. According to the table, the maximum horizontal spacing permitted between shores is eight feet; the maximum vertical spacing is four feet. Footnote (g)(6) to the table requires a minimum of three shores spaced equally, horizontally when vertical shores are used, regardless of the soil type. 29 CFR § 1926.652, Appendix D n (g)(6). The referee concluded that the support system used by employer was "adequate for the distances involved both horizontal[ly] and vertical[ly]."

■■ We agree with employer that the referee did not misinterpret the rule as requiring a nexus between the violations. The referee found:

"If citation item 1-3 is not a violation, citation item 2-8 is not a violation either because the number of cylinders used is adequate given an 8[-]foot vertical spacing. OAR 437-03-001 [29 CFR § 1926.652(a)(1)], Appendix D, Table D-1.2."

That finding, albeit not a model of clarity, indicates that there was no violation because the number of cylinders used was adequate for the vertical spacing. The referee apparently only intended to refer to the facts common to the two citations. In addition, because OSHD has not separately assigned error to the referee's refusal to admit the manufacturer's tabulated data evidence, we will not consider that argument. ORAP 5.45(4).

Nevertheless, it is undisputed that the shoring system employer used contained only two vertical shores. In addition, the parties do not dispute that footnote (g)(6) requires a minimum of three vertical shores. There is no reason for us to remand for the referee to consider the requirements of the footnote. Employer's shoring system contained only two vertical shores. The referee erred in concluding that that system was not a violation.

Because we conclude that there was a violation of the shoring system requirement that there be a minimum of

three vertical supports, regardless of the soil type, we need not address petitioner's third assignment.

Reversed and remanded with instructions to reinstate citations 1-3 and 2-8.